# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MACIAS, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01720-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

**I.**

**INTRODUCTION**

Plaintiff Theodore Jimenez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on October 3, 2011. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

**II.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

1  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
2  that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
3  1915(e)(2)(B).

4       A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
9  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
10 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
13 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
15 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
18 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
19 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

22      The events described in Plaintiff's complaint took place while Plaintiff was incarcerated
23 at Avenal State Prison.  Plaintiff names James D. Hartley (warden), M. Macias (correctional
24 officer), B. Minor (sergeant), L. Wood (lieutenant) and M.V. Sexton (captain) as defendants in
25 this action (all defendants collectively referred to as "Defendants").

26      Plaintiff alleges that on January 14, 2011, he was the victim of an assault by two other
27 prisoners. (Compl. ¶ 1.)  Plaintiff's complaint is not entirely clear, but it appears that Plaintiff
28 complains that he received "a CDC 115 write-up" after the incident and that correctional officers

1  failed to properly investigate the matter.  Plaintiff contends that the CDC 115 write-up violated
2  Plaintiff's due process rights and rights under the Eighth Amendment.

## IV.

## DISCUSSION

### A. Eighth Amendment Claim

Plaintiff contends that his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause were violated.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.]  In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff's complaint does not state a cognizable Eighth Amendment claim.  Plaintiff does not allege that the assault from the two inmates was caused by Defendants or that Defendants were aware that the assault and failed to take appropriate action to prevent it.  Accordingly, the facts alleged in the complaint do not support the conclusion that Defendants caused the wanton and unnecessary infliction of pain or that they acted with deliberate indifference.

### B. Due Process Claim

Plaintiff contends that his rights under the Due Process Clause were violated.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

3

1 which the protection is sought.  Liberty interests created by state law are generally limited to
2 freedom from restraint which "imposes atypical and significant hardship on the inmate in
3 relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  In
4 determining whether a hardship is sufficiently significant enough to warrant due process
5 protection, the Court looks to: (1) whether the challenged condition mirrored those conditions
6 imposed upon inmates in administrative segregation and protective custody and is thus within the
7 prison's discretionary authority to impose, (2) the duration of the condition and the degree of
8 restraint imposed, and (3) whether the state's action will invariably affect the duration of the
9 prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

10 Plaintiff's complaint does not state a cognizable due process claim.  First, Plaintiff does
11 not allege that the CDC 115 write-up that he received resulted in the loss of a liberty interested
12 protected by the Due Process Clause.  Plaintiff does not identify the consequences of the CDC
13 115 write-up in his complaint.[1]

14 Second, even assuming that a liberty interest was at stake, Plaintiff does not identified
15 how the CDC 115 write-up process was procedurally deficient.  "Prison disciplinary proceedings
16 are not part of a criminal prosecution, and the full panoply of rights due a defendant in such
17 proceedings does not apply."  Wolff, 418 U.S. at 556.  With respect to prison disciplinary
18 proceedings, the minimum procedural requirements that must be met are:  (1) written notice of
19 the charges; (2) at least 24 hours between the time the prisoner receives written notice and the
20 time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the
21 fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right
22 of the prisoner to call witnesses and present documentary evidence in his defense, when
23 permitting him to do so would not be unduly hazardous to institutional safety or correctional
24 goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues
25 presented are legally complex.  Id. at 563-71.  Plaintiff does not allege that the disciplinary
26 proceedings lacked any of the minimum procedural requirements identified in Wolff.  Moreover,
27

28 [1] The exhibits attached to his complaint, however, suggest that Plaintiff lost good time credits as a result of the CDC 115 write-up.

4

it is worth noting that the exhibits attached to Plaintiff's complaint suggest that Plaintiff was afforded all the procedural requirements afforded by the Due Process Clause.

Finally, the favorable termination rule from Heck v. Humphrey, 512 U.S. 477 (1994), appears to bar Plaintiff's claims. Under Heck, a plaintiff cannot recover damages under Section 1983 for harms caused by actions whose unlawfulness would render a conviction or sentence invalid until after the conviction or sentence has been reversed, expunged, declared invalid or otherwise called into question. Heck, 512 U.S. at 486-87. Although Plaintiff's complaint is not entirely clear, Plaintiff appears to challenge the imposition of disciplinary sanctions stemming from the assault because Plaintiff was the victim and not the assailant. Moreover, the exhibits attached to Plaintiff's complaint show that Plaintiff was disciplined for fighting and lost good time credits as a result. Plaintiff's claim appears to imply the invalidity of the deprivation of his good-time credits. Therefore, Plaintiff's claim under Section 1983 is not cognizable and instead Plaintiff's sole remedy would be a writ of habeas corpus. Edwards v. Balisok, 520 U.S. 641, 643-44 (1997).

Based upon the foregoing, Plaintiff fails to state any cognizable Due Process claims under Section 1983.

**C.   Individualized Inquiry into Causation**

The Court notes that Plaintiff's complaint does not clearly allege how each individual defendant is responsible for the harm alleged in the Complaint. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complaints.'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id.

Here, Plaintiff does not provide clear allegations showing how each individual defendant's actions caused the constitutional deprivation alleged. Accordingly, Plaintiff's claims

are not cognizable.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated October 3, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and

/ / /

/ / /

/ / /

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE